Shirley A. BUTLER, Plaintiff–
Appellant,

v.

ALYESKA PIPELINE SERVICE CO.;
et al., Defendants–Appellees,

and

ARCO Pipeline Company;
et al., Defendants.

No. 05–35849.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Jan. 11, 2008.

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

William R. Satterberg, Jr., Esq., E. John Athens, Esq., Fairbanks, AK, for Defendants–Appellees.

Thomas E. Meacham, Esq., Anchorage, AK, for Defendants.

Before: REINHARDT and PAEZ, Circuit Judges, and STROM,\* District Judge.

## MEMORANDUM \*\*

Shirley A. Butler appeals the district court's grant of summary judgment to Alyeska Pipeline Service Co., et al. ("Alyeska") with regard to Alyeska's continued use of an allegedly expired ease-ment over Butler's Native land allotment for passage and maintenance of a portion of the Trans–Alaska Pipeline. Butler also appeals the denial of her cross-motion for partial summary judgment.[1] We review de novo a district court's grant or denial of cross-motions for summary judgment. *United States v. Alameda Gateway*, 213 F.3d 1161, 1164 (9th Cir.2000). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Butler argues that the district court erred in denying her motion for partial summary judgment on Alyeska's liability because, according to her interpretation of the term and duration provision of the 1981 Grant of Easement of Right–of–Way ("the 1981 easement grant"), it expired in January 2004. Therefore, Butler argues, Alyeska's continued use of the right-of-way constitutes trespass. Butler further argues that in granting Alyeska's motion for summary judgment, the court did not view the evidence in the light most favorable to her and erroneously concluded that the 1981 easement grant was not ambiguous. *See United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir.2004). We disagree.

We have carefully reviewed the text of the 1981 easement grant and related documents, including the Agreement and Grant of Right–of–Way for the Trans–Alaska Pipeline ("TAPS Agreement"), and we conclude that the district court correctly determined the legal effect of the 1981 easement grant. The term and duration provision of the 1981 easement grant is not ambiguous. When a contract is unambigu-

---

\* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "Ordinarily, the denial of summary judgment is not a final order and is thus unap-pealable. *See Abend v. MCA, Inc.*, 863 F.2d 1465, 1482 n. 20 (9th Cir.1988). However, an order denying summary judgment is reviewable, as here, when it is coupled with a grant of summary judgment." *United States v. Alameda Gateway*, 213 F.3d 1161, 1164 (9th Cir.2000).

ous, its terms control, and we need not apply rules of construction or consider extrinsic evidence of the parties' intent to determine its meaning. *See Tanadgusix Corp. v. Huber,* 404 F.3d 1201, 1205 (9th Cir.2005).

The 1981 easement grant states clearly that its term is coextensive with the "term and duration" of the TAPS Agreement "as such term and duration exists under Section 7 . . . of that Agreement[.]" As a result, the 1981 easement grant will not expire until the term and duration of the TAPS Agreement expires. The initial term of the TAPS Agreement, as provided in Section 7(A), would have expired on January 22, 2004. The term and duration of the TAPS Agreement, however, is not fixed because it is subject to future renewals in accordance with Section 7(C). On January 8, 2003, Alyeska renewed the TAPS Agreement for an additional thirty-year term. Accordingly, the 1981 easement grant has not yet expired; nor has it been renewed. It simply remains in effect, coextensive with the term and duration of the TAPS Agreement.

We further conclude that because, by its terms, the 1981 easement grant has not yet expired and therefore has not been renewed, Butler's claim for compensation must also fail. Although Butler argues forcefully for additional compensation, applicable law would require such compensation only in the case of a renewal of the 1981 easement grant, and there has been no such renewal. *See* 25 U.S.C. § 325; 25 U.S.C. § 341; 25 C.F.R. § 161.12 (1980).

Because we conclude that the district court correctly interpreted the legal effect of the 1981 easement grant in ruling on the cross-motions for summary judgment, we need not address the district court's second basis for its ruling, the continuing legal effect of the 1974 Right–of–Way Agreement ("the 1974 easement grant"). We note, however, that the district court's

determination that the 1974 easement grant remains in effect appears to be based on an incorrect understanding of the 1981 easement grant. The 1981 easement grant, which was part of a 1981 settlement agreement between Butler and Alyeska to resolve claims regarding the validity of the 1974 easement grant, is clearly titled "as amended" and replaces the 1974 easement grant. Further, while the 1981 easement grant provides that the land will return to Butler once the TAPS Agreement expires, the 1974 easement grant provides Alyeska with a perpetual right-of-way without any of the protections the Bureau of Indian Affairs provides Indian grantors under the applicable regulations. *See* 25 C.F.R. § 161 (1980). By determining that the 1974 easement grant remains in force, the district court's ruling would allow Butler's land simultaneously to be burdened by two inconsistent grants of right-of-way. This result was clearly not intended by the terms of the 1981 settlement agreement.

**AFFIRMED.**